IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| SHANA MORRIS, | } |
| Plaintiff, | } } } |
| v. | } Case No.: 7:05-cv-02398-RDP |
| ASTRAZENECA PHARMACEUTICALS, et al., | } } } } |
| Defendants. | } |

**MEMORANDUM OPINION**

The court has before it Defendants' Motion to Transfer Venue (Doc. # 10) filed January 24, 2006. The motion has been fully briefed.

Defendants request that this court transfer this case pursuant to 28 U.S.C. § 1404(a) to the Southern District of Alabama.[1] Plaintiff maintains that this case should remain in this forum because she believes the Northern District of Alabama is most convenient for her and her attorney. For the reasons outlined below, the court deems transfer to the Southern District of Alabama appropriate under §1404(a) for the convenience of parties and witnesses and in the interest of justice.

**I.     Facts Relevant to Transfer**

Plaintiff has brought suit against AstraZeneca Pharmaceuticals ("AstraZeneca"), Broadspire Services, Inc. ("Broadspire"), and Lumberman's Mutual Casualty Company ("Lumberman's") under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, seeking to recover long-term disability benefits which she contends Defendants wrongfully denied her.  Plaintiff was an employee of AstraZeneca LP and a participant in the AstraZeneca

---

[1] There is no dispute that venue is proper in the Northern District of Alabama.

Pharmaceuticals Long-Term Disability Insurance Plan ("the Plan"), an employee welfare benefit plan. AstraZeneca is the Plan Administrator, and Broadspire serves as the Claims Administrator responsible for processing and evaluating disability claims made by the Plan participants. The Plan is funded through an insurance policy underwritten by Lumbermen's.

Plaintiff resides in Baldwin County, Alabama, which is located in the Southern District of Alabama. Plaintiff's employer, AstraZeneca LP, has a facility in North Mobile County in the Southern District of Alabama, and Plaintiff's territory as a Pharmaceutical Sales Specialist was largely contained in the Southern District of Alabama. The medical treatment she received in connection with her long-term disability application was from physicians in the Southern District of Alabama or nearby Pensacola, Florida, and she filed her long-term disability claim under the Plan in the Southern District of Alabama. All decisions regarding her claim were made by Defendant Broadspire, the Claims Administrator, in South Florida. When Plaintiff's claim was originally filed, all correspondence was directed to her residence in the Southern District of Alabama.

Based on a referral, Plaintiff employed the services of her current attorney, who has his office in Tuscaloosa, Alabama in the Northern District of Alabama. All communications with Defendants are directed now to her attorney's office, who has a lien on any recovery.

**II.     Discussion**

Title 28 U.S.C. § 1404(a) codifies (with some additions) the common law doctrine of *forum non conveniens*. *See* 5 CHARLES A. WRIGHT, ARTHUR R. MILLER AND EDWARD H. COOPER, *FEDERAL PRACTICE AND PROCEDURE*, § 1352 (1969). Section 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court or division where it might have been brought." 28 U.S.C. § 1404(a). The

analysis under § 1404(a) is a two-part inquiry. *Folkes v. Haley*, 64 F. Supp. 2d 1152, 1154 (M.D. Ala. 1999) (relying on *Ricoh Corp.*, 487 U.S. at 29). As a threshold matter, the court must consider if the case "might have been brought" in the transferee court. 28 U.S.C. § 1404(a). Second, the court must ask whether the balance of factors under § 1404(a) weighs in favor of transferring this action to the transferee court. 28 U.S.C. § 1404(a) . "District courts have broad discretion in deciding whether to transfer an action to a more convenient forum." *Johnston v. Foster-Wheeler Constructors, Inc.*, 158 F.R.D. 496, 503 (M.D. Ala.1994). The decision of whether a case should be transferred under § 1404(a) is "'an individualized case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

### A. This Case Could Have Been Brought in the Southern District of Alabama.

It is clear that this action could have been brought in the Southern District of Alabama. Title 28 U.S.C. § 1391(b) provides, in pertinent part, that a suit based on federal question jurisdiction may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b). It is undisputed that both Plaintiff and her employer, through whom she was a participant in the Plan, reside in the Southern District of Alabama. Plaintiff's long-term disability claim under the Plan was filed from the Southern District, and all decisions regarding Plaintiff's claim were made by Broadspire and initially conveyed to Plaintiff at her residence in the Southern District. Thus, "a substantial part of the events or omissions giving rise to" Plaintiff's claims

occurred in the Southern District, where this action originally could have been brought.[2]

B.   **The Balance of Factors Weighs in Favor of Transfer.**

Having decided that the Southern District of Alabama is a proper transferee district, the court must now "decide whether the balance of convenience favors transfer." *Johnston v. Foster-Wheeler Constructors, Inc.*, 158 F.R.D. 496, 504 (M.D.Ala.1994). In applying the law to the facts and allegations in the instant case, the court finds that Defendants have satisfied their burden of demonstrating that this action should be transferred for "the convenience of the parties and witnesses, [and] in the interest of justice." 28 U.S.C. § 1404(a). The analysis under §1404(a) requires a balancing of practical considerations, which centers on convenience of the parties and witnesses, with the interest of justice, which focuses on systemic integrity and fairness. Before the court delves into that analysis, however, it must address Plaintiff's choice of forum because, in the Eleventh Circuit, a plaintiff's choice of forum typically is entitled to considerable deference. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947); *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989); 1 JAMES WM MOORE, ET. AL., *MOORE'S FEDERAL PRACTICE* ¶ 0.145[5] (1988).

1.   **The Plaintiff's Choice of Forum**

The Plaintiff's choice of forum in this District appears to be based solely on the location of her attorney, and her assertions that this matter may be resolved "inexpensively and expediently" in this court. Plaintiff does not reside in the Northern District of Alabama, nor is her employer located here. All of the medical treatment forming the basis of her long-term disability claim was received

---

[2] Plaintiff points to the more liberal venue statute for ERISA litigation, which locates venue in an ERISA civil action "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found...." 29 U.S.C. § 1132(e)(2). Venue in the Southern District of Alabama is also proper under the provisions of § 1132(e)(2).

from physicians in the Southern District of Alabama or nearby Pensacola, Florida, and her long-term disability claim under the Plan was filed in the Southern District. All decisions regarding her claim were made by Defendant Broadspire, the Claims Administrator, in South Florida. "Where none of the conduct complained of took place in the forum selected by Plaintiff, the Plaintiff's choice of forum is of minimal value in determining whether to transfer an action." *Johnston*, 158 F.R.D. at 505. Therefore, this court finds that the deference typically afforded the Plaintiff's choice of forum is significantly lessened in this case.

### 2. Convenience of the Parties and Witnesses

When considering the practical need to adjudicate in a forum convenient for the parties and witnesses, courts generally examine the location of principal material witnesses, "the relative ease of access to sources of proof," and the ability of the parties to bear the expense of changing the forum. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947). "[W]here the operative facts underlying the cause of action transpired" is a consideration for convenience. *Johnston,* 158 F.R.D. at 504. Courts look to a forum where the trial is "most 'easy, expeditious and inexpensive.'" *Howell v. Tanner*, 650 F.2d 610, 616 (5th Cir.1981) (citation omitted).[3]

Although Plaintiff maintains that the Northern District of Alabama would be a more convenient forum for her because her attorney's office is located in Tuscaloosa, Alabama, it is equally true that the Southern District of Alabama would be a more convenient forum for the attorneys for the Defendants who practice in Mobile, Alabama. At least one district court in this Circuit has noted, "[o]f the factors considered on a transfer motion, the location of counsel is entitled

---

[3] Fifth Circuit decisions rendered prior to October 1, 1981 constitute binding authority in the Eleventh Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*).

to the least consideration." *Meterlogic, Inc. v. Copier Solutions, Inc.*, 185 F. Supp. 2d 1292, 1303 (S.D. Fla. 2002). Moreover, § 1404(a) does not provide for transfer to a forum if it would "merely shift inconvenience from the defendant[] to the plaintiff," and therefore the court will focus its analysis on the factors of convenience of the witnesses and the interest of justice. *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996); *see also Johnston*, 158 F.R.D. at 503.

*No* witness has been identified by the parties as located in the Northern District of Alabama. All of the potential witnesses identified by Defendants either reside in the Southern District of Alabama (*e.g.,* Plaintiff and Plaintiff's treating physician, Dr. William Sullivan), are within the subpoena power of the Southern District (*e.g.,* treating physician Dr. Joel Fairbanks), or reside in Florida and will appear voluntarily on behalf of Defendants (*e.g.,* Broadspire employees who handled Plaintiff's claim). Plaintiff points out litigants in an ERISA case rarely present live testimony from witnesses, opting instead to put forth depositions from treating physicians. Nonetheless, even assuming that Plaintiff is the only witness who will be called at trial, she too resides in the Southern District. Moreover, the court must consider the cost of transporting witnesses, parties, and counsel *before trial* to interviews, depositions, and investigations in locations outside of this District. In addition to cost considerations, it will also be easier for the parties litigating in the Southern District of Alabama to compel witnesses to attend depositions and, if necessary, trial (especially those who are not subject to compulsory process in the Northern District of Alabama) and to seek production of documents pursuant to subpoena.

Accordingly, the court finds that the Southern District of Alabama is a more convenient and economical forum for the parties and witnesses as a whole.

### 3. **Interest of Justice**

The Supreme Court has told us that the "interest of justice" factor requires a district court to weigh "those public-interest factors of systematic integrity and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988). As already noted, this case has little or no relationship to the Northern District of Alabama. All of the facts surrounding this case - including the events underlying this suit, the location of the evidence, the location of Plaintiff and the Plan, and the location of the witnesses - point to the Southern District of Alabama, not the Northern District, as the best forum. The burden on this court's docket of entertaining a case outside its District, with little or no connection to the District, is significant. On the other hand, because this case involves residents of the Southern District of Alabama and alleged ERISA violations which took place in the Southern District of Alabama, that District *does have* a significant interest in having this case decided by a court within its borders.

The interest of justice supports transfer of this suit to the Southern District of Alabama.

### III. Conclusion

Accordingly, the court finds that the balance of factors under § 1404(a) weighs in favor of transfer to the Southern District of Alabama, where the case could have been filed originally. A separate order will be entered.

**DONE** and **ORDERED** this \_\_\_10th\_\_\_ day of February, 2006.

_____
R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE